UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE MILLS,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA MEDICAL FACILITY,<br><br>Respondent. | No. 2: 16-cv-2766 JAM KJN P<br><br><br><br>ORDER |

Petitioner is a state prisoner, proceeding without counsel. In the original petition, petitioner challenged conditions of confinement rather than the validity of a conviction or sentence. (ECF No. 1.) Accordingly, on December 23, 2016, the undersigned construed this action as a civil rights action pursuant to 42 U.S.C. § 1983, and granted petitioner thirty days to file a civil rights complaint. (ECF No. 11.)

After petitioner failed to file a complaint within thirty days, on February 10, 2017, the undersigned recommended that this action be dismissed. (ECF No. 12.) In response to the findings and recommendations, petitioner filed a petition for writ of habeas corpus. (ECF No. 14). Accordingly, the findings and recommendations are vacated. The undersigned addresses petitioner's habeas petition herein.

Petitioner's habeas petition challenges his 2001 conviction for aggravated mayhem. Petitioner alleges that he committed this offense while housed in the Metropolitan State Mental

1

1   Hospital.  Petitioner alleges that he attacked another inmate who lost an eye.  Petitioner
2   challenges the validity of this conviction on grounds that he was not given a competency hearing.

3   Because petitioner challenges the validity of a conviction, this action is construed as a
4   habeas corpus petition.

5   The exhaustion of available state remedies is a prerequisite to a federal court's
6   consideration of claims sought to be presented in habeas corpus proceedings.  See Rose v. Lundy,
7   455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner can satisfy the exhaustion requirement by
8   providing the highest state court with a full and fair opportunity to consider all claims before
9   presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v.
10  Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

11  After reviewing the petition for habeas corpus, the court finds that petitioner has failed to
12  exhaust state court remedies.  The claims have not been presented to the California Supreme
13  Court.  Further, there is no allegation that state court remedies are no longer available to him.
14  Accordingly, petitioner shall show cause within twenty-one days from the date of this order why
15  this action should not be dismissed on grounds that the claim raised in the petition is not
16  exhausted.[1]

17  Petitioner has also filed a motion for the appointment of counsel.  There currently exists
18  no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105
19  F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of
20  counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R.
21  Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice

---

[1] On May 28, 2008, the California Court of Appeal issued an opinion addressing petitioner's 2005 conviction for mayhem.  People v. Mills, 2008 WL 2191771 (Cal. App. 2008).  The California Court of Appeal's opinion states that petitioner committed this offense while housed at the Metropolitan State Hospital and that the victim lost his eye.  Id. at 1.  It appears that the instant petition is challenging the conviction addressed in this opinion.  The California Court of Appeal found that the trial court erred by failing to appoint counsel to represent petitioner during the competency proceedings.  Id. at 7.  The Court of Appeal remanded the case to the trial court to hold a retrospective competency hearing and to appoint counsel to represent petitioner at this hearing. (Id. at 9.)  Thus, it appears that petitioner may have already received the relief sought in the instant petition.  It also likely that the instant petition is barred by the statute of limitations even if the claims are exhausted.  See 28 U.S.C. § 2244(d)(1).

would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254;

2. The February 10, 2017 findings and recommendations (ECF No. 12) are vacated;

3. Petitioner is granted twenty-one days from the date of this order to show cause why this action should not be dismissed based on his failure to exhaust state court remedies;

4. Petitioner's motion for the appointment of counsel (ECF No. 7) is denied.

Dated:  March 31, 2017

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mill2766.ord(2)